UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**LEE LUCAS**             *     **CIVIL ACTION NO. 16-0425**

**VERSUS**                *     **JUDGE ELIZABETH E. FOOTE**

**JERRY GOODWIN ET AL.**  *     **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted, [doc. # 15], filed by Defendant Dr. Daniel Judd Moore. Plaintiff opposes the motion. For reasons set forth below, it is recommended that the motion be **DENIED**.

## Background

*Pro se* Plaintiff Lee Lucas, an inmate in the custody of the Louisiana State Penitentiary, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 29, 2016. [doc. #1]. He was previously confined at the David Wade Correctional Center ("DWCC"), and complains about the dental care he received from Defendant Dr. Daniel Judd Moore and other prison staff over the course of several years while incarcerated at the DWCC.

On January 9, 2017, Dr. Judd Moore filed the instant motion to dismiss for failure to state claim. [doc. #15]. Dr. Judd Moore asserts that Lucas has failed to exhaust his administrative remedies under the Louisiana Medical Malpractice Act ("LMMA") because Lucas did not present his claim to a medical review panel before filing the instant lawsuit. *See* LA. R.S. §§ 40:1299.41, 40:1299.47(A)(1)(a). Lucas filed his opposition on January 30, 2017. [doc. #19].

This matter is now before the Court.

## Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal,* 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

In deciding whether the complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). However, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

2

*Iqbal,* 556 U.S. at 678. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,* 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## Analysis

Dr. Judd Moore contends that Plaintiff's allegations against him should be dismissed because the claims are premature. If a lawsuit is filed in a matter governed by the LMMA prior to the outcome of the medical review board, the lawsuit must be dismissed. *See e.g., Richardson v. Advanced Cardiovascular Systems, Inc.*, 865 F.Supp. 1220, 1221 (E.D. La. 1994); *Miller v. Griffin–Alexander Drilling Co.*, 685 F.Supp. 960, 967 (W.D. La. 1988), *aff'd*, 873 F.2d 809, 814 (5th Cir. 1989); *Marcel v. Rehabcare Group, Inc.*, 2008 WL 4657258, at *2 (E.D. La. Oct. 20, 2008); *Roberts v. Russo*, 400 So.2d 354, 356 (La. App. 4th Cir. 1981) (citing *Everett v. Goldman*, 359 So.2d 1256 (La. 1978)); *Williamson v. Hosp. Service District No. 1 of Jefferson*, 888 So.2d 782, 785 (La. 2004).

The LMMA requires a person alleging a malpractice claim against a qualified health care provider to submit the claim to a medical review panel prior to filing a lawsuit. *Hutchinson v. Patel*, 637 So.2d 415, 419 (La. 1994) (citing LA. REV. STAT. ANN. § 40:1299.47) ("[N]o action for malpractice against a qualified health care provider . . . may be commenced in a court of law before the complaint has been presented to a medical review panel and the panel has rendered its expert opinion on the merits of the complaint, unless the parties agree to waive this requirement."). Malpractice is defined as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." LA. REV. STAT. ANN. § 40:1299.41(A)(9); *see also Bauman Tenet*

*Health Systems Hospitals*, Inc., No. 00-1176, 2000 WL 1219151, *4 (E.D. La. Aug. 25, 2000) ("malpractice actions are based on negligence and seek to compensate victims for injuries suffered when health care providers breach the applicable standard of care."). A healthcare provider is "a person . . . licensed or certified by this state to provide health care or professional services as a physician." LA. REV. STAT. ANN. § 40:1299.41(A)(10). Dr. Judd Moore is a qualified health care provider as evidenced by the letter from the Louisiana Patient's Compensation Fund confirming his status as such. [doc. #15, Exh. A].

      The Court finds, however, that Lucas' claims are not goverened by the LMMA. If Lucas asserted a claim for negligence, his claim would fall under the LMMA because, as described above, it defines medical malpractice as any unintentional tort. Lucas, however, has asserted a claim for intentional mistreatment. Specifically, Lucas asserts that in January 2012, while incarcerated at DWCC, he made a sick call for a dental problem he was having. [doc. #1, p. 3]. He saw Dr. Judd Moore in March 2012, and was prescribed medication for pain and infection. *Id.* Lucas made numerous dental complaints over the next two years, and was seen by Dr. Judd Moore on numerous occasions. *Id.* In March 2015, the tooth that Dr. Judd Moore was treating had gotten worse. *Id.* Lucas was then referred for oral surgery at a hospital in Shreveport, Louisiana; however, when he arrived for treatment on June 26, 2015, the hospital informed Lucas that it did not perform the surgery he needed. *Id.* at 4. On December 4, 2015, Dr. Judd Moore told Lucas that there was nothing more he could do, and that he would be recommending that Lucas be transferred to a facility that could remedy the problem. *Id.* at 5. Lucas avers that he was in "constant and continuous pain" for several years, and due to the deliberate indifference of the named defendants, he risks losing his tooth and other dental damage. *Id.*

      Additionally, on September 27, 2016, Judge Foote found that Lucas' complaint

"established sufficient facts to state a claim for deliberate indifference to a serious medical need." [doc. #8]. This further supports the conclusion that Lucas' complaint cannot be interpreted as asserting merely a negligence claim.

Therefore, Plaintiff is not required to present his complaint to a medical review panel as provided in the LMMA. *See John v. Woods*, No. 15-cv-1701, 2016 WL 7852369, *3 (W.D. La. Nov. 22, 2016) (where § 1983 plaintiff did not allege that the dentist displayed indifference to his medical needs, but only alleged negligence, he was required to exhaust under the LMMA); *Shorts v. Oubre*, No. 15-3047, 2016 WL 1294409, *4 (E.D. La. Jan. 19, 2016) (§ 1983 plaintiff alleged intentional indifference to serious medical needs and was therefore not required to present his claim to medical review panel); *Thomas v. James*, 809 F.Supp.448, 449 (W.D. La. 1993) (same); *see also George v. La. Dept. Public Safety & Corrections*, No. 14-338-JWD-SCR, 2015 WL 1956256, *3 (M.D. La. Apr. 29, 2015) (holding that the LMMA is inapplicable to a claim for the violation of constitutional civil rights).

### Conclusion

For the above assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted filed by Defendant, Dr. Daniel Judd Moore [doc. #15] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 9th day of February 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE