UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LEE LUCAS #338382** | **CASE NO. 5:16-CV-00425** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned, on reference from the District Court, is a Motion for Leave to File First Supplemental Complaint and Temporary Restraining Order, [doc. # 85], filed by Plaintiff Lee Lucas, who is incarcerated at the Louisiana State Penitentiary at Angola. Defendant Jerry Goodwin opposes the motion. For reasons assigned below, it is recommended that the motion for a temporary restraining order be DENIED and it is ordered that the motion for leave to amend is DENIED.[1]

## Background

On March 29, 2016, Lucas filed the instant civil rights action for relief under 42 U.S.C. 1983. [doc. # 1]. He alleges an Eighth Amendment violation because he was denied a root canal. A jury trial is set for July 27, 2020, before Judge Foote. [doc. # 73].

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Plaintiff filed the instant motion on March 23, 2020, seeking to temporarily restrain Defendant from retaliating against him for filing this lawsuit and to add a First Amendment retaliation claim. [doc. # 85]. He claims that in November 2019, assistant warden Todd Barre approached him and requested that he dismiss the present lawsuit. *Id.* at ¶ 3. Barre stated that if Lucas failed to dismiss the present lawsuit, he and Tim Hooper would transfer Lucas from Elayn Hunt Correctional Center to the Louisiana State Penitentiary in Angola, Louisiana. *Id*. at ¶ 4.

On or about December 20, 2019, Plaintiff was "written up" at Elayn Hunt Correctional Center. *Id*. at ¶ 5. On January 2, 2020, Plaintiff was sentenced to four days of extra duty. *Id*. Following his sentencing, Plaintiff was not returned to his living quarters and was kept in solitary confinement. *Id*.

On or about January 29, 2020, Plaintiff was transferred to the Louisiana State Penitentiary at Angola. *Id*. at ¶ 10. At Angola, Defendants have restricted plaintiff's ability to communicate with his counsel via telephone. *Id*. at ¶ 11. On March 10, 2020, Plaintiff alleges his cell at Louisiana State Penitentiary was searched by prison guards who confiscated all his personal belongings and effects. *Id*. at ¶ 13.

On February 24, 2020, Plaintiff filed his first administrative remedy procedure request while imprisoned at Louisiana State Penitentiary. [doc. # 80-1]. Therein, Plaintiff detailed the retaliation he allegedly experienced because of his pending lawsuit. On March 16, 2020, Plaintiff filed his second administrative remedy procedure request while imprisoned at Louisiana State Penitentiary. [doc. # 81]. To date, neither request has been resolved.

Plaintiff asks the court to grant temporary, preliminary, and permanent injunctive relief

enjoining the defendants from: (1) retaliating against Plaintiff by giving him a closed cell restricted on death row, placement in solitary confinement, and the search of his cell and the seizure of his personal belongings; (2) upholding Plaintiff's transfer to the Louisiana State Penitentiary and ordering that plaintiff be returned to Elayn Hunt Correctional Center, or, alternatively, placing him in General Population at the State Penitentiary; and (3) ordering the Defendants to immediately return plaintiff's personal belongings that were seized without cause. In addition, Plaintiff seeks reimbursement of all legal expenses incurred in bringing this supplemental complaint and such other relief the Court deems plaintiff is entitled to.

## Law and Analysis

### 1. Temporary Restraining Order

A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Here, Plaintiff is not entitled to a temporary restraining order or preliminary injunction because it is not substantially likely that he will succeed on the merits of his retaliation claims.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute clearly requires an inmate bringing a civil rights action to exhaust his available administrative remedies before filing suit. See *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court; it is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[D]istrict courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012).

Here, Plaintiff raises several claims of retaliation, which are all distinct from his initial inadequate medical care claim. Of import, he claims that the individuals retaliated against him because he filed and continues to pursue this suit; the alleged retaliation, in other words, occurred after he initiated suit. *A fortiori*, then, Plaintiff could not have exhausted his new claims.[2] See *Torns v. Miss. Dep't of Corr.*, 301 Fed. App'x. 386, 388 (5th Cir. 2008) ("One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion."). As Plaintiff did not exhaust his retaliation claims before filing suit, there is no substantial likelihood that he will succeed on the claims' merits.[3]

---

[2] See *Davis v. Hinton*, 2017 WL 5707540, at *8 (S.D. Miss. Nov. 27, 2017) ("To the extent that [the plaintiff] asserts a claim of retaliation for filing the instant suit, his claim must be dismissed for failure to exhaust the claim before filing suit."); *Clark v. Banks*, 2018 WL 1866619, at *6 (S.D. Miss. Jan. 2, 2018), report and recommendation adopted, 2018 WL 783075 (S.D. Miss. Feb. 8, 2018) (finding that the plaintiff "could not possibly have exhausted his claim before filing his Complaint" because he alleged that the defendant "retaliated against him for filing" the lawsuit); *Adams v. Jones*, 577 F. App'x 778 (10th Cir. 2014) (finding that an inmate did not exhaust his administrative remedies in connection with his claim that prison officials retaliated against him for filing the underlying suit).

[3] See *Alba v. Randle*, 2011 WL 1113866, at *1 (S.D. Miss. Mar. 28, 2011) (finding that the plaintiff "failed to demonstrate a substantial likelihood of success on the merits for the claims alleged . . . because he has failed to exhaust his administrative remedies as to such claims."); *Pippin v. Thaler*, 2010 WL 2487278, at *1 (S.D. Tex. June 14, 2010) ("Plaintiff fails to demonstrate a substantial likelihood that he will prevail on the merits of his underlying

**2. Leave to Supplement**

Plaintiff names new defendants, and he raises new allegations concerning events that occurred after he initiated this proceeding; to that extent, Plaintiff seeks to supplement his Complaint.[4]

Under Federal Rule of Civil Procedure 15(d) (emphasis added), "[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." The Fifth Circuit has indicated that, when determining whether to permit supplementation, courts should consider the same factors that apply when determining whether to grant leave to amend. See *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982) (citation omitted), vacated on unrelated grounds by *Chemetron Corp. v. Bus. Funds, Inc.*, 460 U.S. 1007 (1983). Those factors include: "(1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of amendment." *Id.* Supplementing is futile if the supplemented allegations would fail to state a claim upon which relief could be granted. See *Connor*, 719 F. App'x at 380 (denying supplementation because the supplemented allegations would not state a claim under Section 1983); see also *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Here, as Plaintiff has not exhausted his retaliation claims, leave to supplement would be futile. See *Garcia v. Hackman*, 2011 WL 2457918, at *20 (S.D. Tex. June 16, 2011) (finding an

---

case, as he neither alleges nor shows that he exhausted his administrative remedies prior to filing this lawsuit.").

[4] See *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989) (finding that an amended complaint concerns allegations of events occurring *prior* to the original complaint); see also *Connor v. Castro*, 719 F. App'x 376, 380 (5th Cir. 2018) ("Although Rule 15(a) provides that leave to *amend* should be freely granted, Rule 15(d) does not contain such a provision with respect to *supplementation*.").

amendment to add a retaliation claim futile because the claim was "plainly" unexhausted); *Huff v. Crites*, 2010 WL 3909357, at *3 (S.D. Tex. Oct. 1, 2010) (finding that amendment to add a claim of retaliation for filing suit was futile because the inmate-plaintiff did not first exhaust his complaint "through the prison grievance system."); *Ford v. Register*, 2010 WL 5678669, at *5 (N.D. Tex. Dec. 23, 2010), report and recommendation adopted, 2011 WL 323575 (N.D. Tex. Jan. 31, 2011); *Authement v. Terrebonne Par. Sheriff's Office*, 2009 WL 4782368, at *6 (E.D. La. Dec. 3, 2009). Thus, the Court should not allow Plaintiff to supplement and raise retaliation claims.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Lee Lucas's Motion for Temporary Restraining Order be **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff Lee Lucas seeks leave to supplement his Complaint, leave is **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of April 2020.

 _____
 KAREN L. HAYES
 UNITED STATES MAGISTRATE JUDGE